McKinney, J.,
delivered the opinion of the court.
It is generally true, that a purchase by a guardian from his. ward, during minority, will not be permitted to stand. The nature of the important and delicate relation, resting between these, forbids that they should deal with each other. But the case is very different when the property of the ward is sold under the order or decree of a court of competent jurisdiction for his benefit. In such case, the guardian may purchase; and although his conduct will be watched with jealousy, yet, if it be manifest that he has acted fairly, with the utmost good faith, and the transaction is free from any imputation of a design on his part to gain a benefit to himself, to the prejudice of the interests of his ward, such purchase will be held valid. In the case before us, the land was sold under an order or decree of the circuit court. The proceeding was in the names of all the heirs, being nine in number, upon the ground that partition could not be made of the land, without prejudice to the interests of all concerned. The proceedings seem to have been regular, and are certainly binding on the minors, as well as on those who had attained majority. The defendant purchased fairly, and gave, a full price for the land, and the minor for *441 whom he was guardian, desired a confirmation of the sale and purchase: upog these facts, we think, the purchase was valid, and vested the defendant with a good title to the land. We are also of opinion, that there was no fraud on the part of the defendant in the sale to the complainant. The complainant purchased,’ as he shows in the bill, with knowledge that the land had belonged to the heirs of Branson. This case does not, therefore, fall within the principle of the case of Woods vs. North & Johnson, 6 Humph. 309, relied on by the complainant’s council. In that case, it is held, that if a party fraudulently sell and convey land to which he has no title, the vendee who comes into a court of chancery to rescind the contract, will not be compelled to take an after acquired title from the vendor. This is unquestionably a correct principle, but it has no application to this case. Here, we think, there was no fraud on the part of the vendor, and the case is governed by the well established principle, that although the vendor may have been unable to make a good title at the time oí the contract of sale, yet, if he is in a condition to make such title at any time before final decree, the vendee will be compelled to accept it.
We are of opinion therefore, that there is no error in the decree of the chancellor, and affirm the same with costs.